IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Palmetto Pharmaceuticals LLC,   ) | |
| ) | Case No. 2:11-cv-00807-SB-JDA |
| Plaintiff,   ) | |
| ) | |
| v.   ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| AstraZeneca Pharmaceuticals LP,   ) | |
| ) | |
| Defendant.   ) | |
| _____) | |

This matter is before the Court on Plaintiff's motion to dismiss Defendant's invalidity counterclaim and to strike its invalidity affirmative defense. [Doc. 84.] Pursuant to the provisions of 28 U.S.C. § 636 and Local Civil Rule 73.02(C)(7), D.S.C., this magistrate judge is authorized to review pretrial motions and submit findings and recommendations to the District Court in cases referred for pretrial management.[1]

This is an action for patent infringement under 35 U.S.C. § 281, and the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338. The Court has reviewed the pleadings and briefs submitted by the parties, as well as the applicable law. For the reasons given below, the Court recommends Plaintiff's motion to dismiss and strike [Doc. 84] be denied.

**PROCEDURAL HISTORY**

On April 5, 2011, Plaintiff filed its Complaint against Defendant, alleging infringement of U.S. Patent No. 6,465,516, entitled "Method of Stimulating Nitric Oxide

---

[1]By Order of the Honorable Sol Blatt, Jr., filed November 15, 2011, this action was referred to the undersigned for pretrial management. [Doc. 51.]

Synthase." [Doc. 1.] On May 16, 2011, Plaintiff filed an Amended Complaint. [Doc. 27.] Defendant filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment on June 15, 2011 [Doc. 41], which was granted as to Plaintiff's claims of direct and contributory infringement and denied as to Plaintiff's claims of induced and willful infringement [Docs. 57, 80]. On February 15, 2012, Defendant filed an answer to the Amended Complaint, asserting numerous affirmative defenses and counterclaims. [Doc. 82.]

On March 2, 2012, Plaintiff filed the pending motion to dismiss and to strike. [Doc. 84.] On March 9, 2012, Plaintiff filed an answer to Defendant's counterclaims, maintaining its assertion that Defendant's invalidity counterclaim fails to state a claim upon which relief can be granted. [Doc. 86.] Defendant filed a response in opposition to Plaintiff's motion on March 19, 2012. [Doc. 94.] Plaintiff filed a reply on March 29, 2012. [Doc. 99.] Accordingly, Plaintiff's motion to dismiss and to strike is now ripe for review.

## **BACKGROUND**

**The '516 Patent**

Plaintiff is the assignee and lawful owner of U.S. Patent No. 6,465,516, which issued on October 15, 2002, as amended by Reexamination Certificate No. 6,465,516 C1, which issued on issued on April 5, 2011 (collectively "the '516 patent"). [Doc. 27 ¶ 6.] The '516 patent claims a method of treating nonhyperlipidemic subjects, i.e., people who do not

have hyperlipidemia,[2] who would benefit from increased nitric oxide ("NO") production. [*Id.*

¶ 7.] Claim 1 of the '516 patent, the sole independent claim, claims the following:

> 1. A method for treating a *nonhyperlipidemic* subject who would benefit from increased Nitric Oxide production in a tissue comprising:
>
> administering to the *nonhyperlipidemic* subject in need of such treatment **[**, irrespective of the subject's cholesterol level,**]** a Hmg-CoA reductase inhibitor in an amount effective to increase Nitric Oxide production in said tissue of the subject.[3]

[Doc. 27-2 at 16.]

**CRESTOR® and Its Label/Package Insert**

In 2003, Defendant began marketing a statin, rosuvastatin calcium, under the trademark CRESTOR®, which has become a widely prescribed statin. [Doc. 27 ¶ 13.] Also in 2003, the United States Food & Drug Administration ("FDA") approved CRESTOR® for three uses, or indications, including the treatment of people with hyperlipidemia and, within that group, people with elevated cholesterol levels. [*Id.* ¶ 14.] Moreover, in 2003, Defendant began enrolling patients in a clinical trial, known as the JUPITER Trial, to evaluate whether people who did not have hyperlipidemia, but who did have cardiovascular risk factors, could benefit from taking CRESTOR®. [*Id.* ¶¶ 15–16.] On February 8, 2010,

---

[2] As Plaintiff explains in its Amended Complaint,

> Hyperlipidemia is a medical condition that usually includes having a high cholesterol level. Persons who are nonhyperlipidemic do not have high cholesterol levels. High cholesterol levels are considered to be abnormal.

[Doc. 27 ¶ 8.]

[3] As indicated in the reexamination certificate, italics indicate additions made to the patent and brackets indicate matter that appeared in the patent but has been deleted and is no longer part of the patent. [Doc. 27-2 at 16.]

3

the FDA approved the use of CRESTOR® for indications resulting from the JUPITER Trial, including Indication 1.6, which is at issue in this case. [*Id.* ¶ 25.] Following its approval, the FDA announced on its website: "This is the first time CRESTOR has been approved for use in the prevention of heart disease in individuals with 'normal' low-density lipoprotein (LDL) cholesterol levels and no clinically evident heart disease." [*Id.*]

In the package insert accompanying CRESTOR®, Defendant instructs,

> In individuals without clinically evident coronary heart disease but with an increased risk of cardiovascular disease based on age $\geq$50 years old in men and $\geq$60 years old in women, [high sensitivity C-reactive protein ("hsCRP")] $\geq$2mg/L, and the presence of at least one additional cardiovascular disease risk factor such as hypertension, low HDL-C, smoking, or a family history of premature coronary heart disease, CRESTOR is indicated to:
>
> - reduce the risk of stroke
> - reduce the risk of myocardial infarction
> - reduce the risk of arterial revascularization procedures

[*Id.* ¶ 44; *see* Doc. 41-4 at 5 (Indication 1.6).] Scientific publications in the field of cardiovascular disease establish that administering a statin to a person with elevated hsCRP is administering a statin to a person in need of increased NO production. [Doc. 27 ¶ 29.] Namely, peer-reviewed scientific publications establish (1) decreased NO production is implicated in all known cardiovascular disease, (2) elevated hsCRP is associated with reduced NO production, and (3) statins can increase NO production in people with elevated hsCRP. [*Id.* ¶ 30; *see* ¶¶ 31–35.] Thus, the CRESTOR® package insert instructs doctors, other medical professionals, users, and potential users of CRESTOR® that using CRESTOR® for the primary prevention of cardiovascular disease benefits

4

nonhyperlipidemic individuals. [*Id.* ¶ 45.] Therefore, Plaintiff alleges treating a nonhyperlipidemic individual having an elevated hsCRP by administering CRESTOR® *is* treating a subject who would benefit from increased NO production by administering an Hmg-CoA reductase inhibitor in an amount effective to increase NO production [*id.* ¶ 46], and thus, Defendant infringes the '516 patent [*id.* ¶ 47].

**Plaintiff's Motion to Dismiss and to Strike**

In its answer to the Amended Complaint, Defendant asserts as its second defense that "[a]ll claims of the '516 patent are invalid for failure to comply with one or more of the conditions for patentability specified by 35 U.S.C. §§ 101, 102, 103 and/or 112." [Doc. 82 ¶ 68.] Defendant also alleges as a second counterclaim that "[t]he '516 patent is invalid for failure to comply with one or more of the conditions for patentability specified by 35 U.S.C. §§ 101, 102, 103 and/or 112," and therefore, Defendant is entitled to a declaratory judgment of invalidity. [*Id.* at 14 ¶¶ 13–14.]

Plaintiff contends Defendant's invalidity affirmative defense and counterclaim should be stricken and dismissed, respectively, because the defense and counterclaim are conclusory and fail to meet the *Twombly*/*Iqbal* pleading standard. [Doc. 84-1 at 5–7.] Specifically, Plaintiff argues Defendant "has not provided *any* factual support, and merely recites various sections of the Patent Code," and Plaintiff "should not be expected to speculate which provisions of '§§ 101, 102, 103 and/or 112' [Defendant] is actually asserting or on what prior art it relies." [*Id.* at 5–6 (emphasis in original) (citation omitted).]

Defendant, on the other hand, argues Plaintiff's motion should be denied with leave to renew because the case is currently limited to the issue of induced infringement, and if

the case is decided on that issue, the adequacy of Defendant's invalidity affirmative defense and counterclaim will likely be moot. [Doc. 94 at 5, 8–9.] Further, if the case proceeds on the issue of induced infringement, Defendant's invalidity contentions would likely be disclosed at an early stage of further proceedings, thereby obviating the dispute over the sufficiency of Defendant's pleadings. [*Id.* at 5–6, 9.] Additionally, Defendant contends the motion to dismiss and to strike should be denied because Defendant's pleadings "provide [Plaintiff] with adequate notice of what it must defend" and meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, even under the *Twombly/Iqbal* standard. [*Id.* at 6, 10–14.] Defendant also argues it has adequately pled its invalidity affirmative defense because affirmative defenses are subject to a different standard than counterclaims and are not subject to the *Twombly/Iqbal* heightened pleading standard. [*Id.* at 14–17.] Finally, Defendant requests leave to amend its answer if the Court determines Defendant has failed to adequately plead its invalidity affirmative defense and counterclaim. [*Id.* at 17–18.]

## **APPLICABLE LAW**[4]

**Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions or claims that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, a court may only rely on the complaint's allegations and those documents

---

[4] In patent cases, courts apply the law of the regional circuits, rather than that of the United States Court of Appeals for the Federal Circuit, to procedural issues such as the elements of a motion to dismiss. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007) (citing *C & F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000)); *see also Research Corp. Techs., Inc. v. Microsoft Corp.*, 536 F.3d 1247, 1255 (Fed. Cir. 2008) ("The Federal Circuit applies its own law with respect to issues of substantive patent law and certain procedural issues pertaining to patent law, but applies the law of [its] sister circuits to non-patent issues." (citing *In re Cambridge Biotech Corp.*, 186 F.3d 1356, 1368 (Fed. Cir. 1999))).

attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). When considering a motion to dismiss, a court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it

plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**Motion to Strike Standard**

Federal Rule of Civil Procedure 12(f) allows a court, acting either on its own or on motion made by a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Thus, whether to grant a motion to strike under Rule 12(f) is within the sound discretion of the court, *see GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09CV123, 2009 WL 2160451, at *4 (E.D. Va. July 17, 2009), but striking a defense under Rule 12(f) is generally disfavored because it is a drastic remedy and motions to strike are "'often sought by the movant simply as a dilatory tactic,'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 647 (2d ed. 1990)). However, "'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" *Id.* (quoting Wright & Miller, § 1381 at 665).

**Rule 8 Pleading Requirements**

Rule 8(a)(2), which governs claims, provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

In contrast, Rule 8(b), which governs defenses, provides that "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Further, Rule 8(c), which governs affirmative defenses in particular, provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Thus, Rule 8(b) and Rule 8(c) do not contain the language of Rule 8(a) requiring complainants to "show" that they are entitled to relief. *See Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010).

## DISCUSSION

**Motion to Dismiss**

Prior to *Twombly*, it was "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Through *Twombly* and *Iqbal*, however, the Supreme Court established a more stringent pleading standard: to survive a motion to dismiss, a complaint must allege sufficient facts to suggest the required elements of a cause of action are met—that is, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Under this standard, neither "a formulaic recitation of the elements of a cause of action" nor mere labels or legal conclusions will withstand a motion to dismiss pursuant to Rule 12(b)(6). *Id.* at 555.

To date, only district courts have considered how *Twombly* and *Iqbal* apply to patent invalidity counterclaims and affirmative defenses, with conflicting results. *See Graphic*

*Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 1:10-cv-3008-AT, 2011 WL 5829674, at *2 (N.D. Ga. Aug. 1, 2011). For instance, some courts have held that pleading the statutory basis for an invalidity counterclaim satisfies Rule 8(a) and the *Twombly/Iqbal* standard. *See, e.g.*, *Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937–38 (N.D. Ill. 2010) (holding that a counterclaim alleging that the patents were "invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code" was sufficiently pled); *Teirstein v. AGA Med. Corp.*, No. 6:08cv14, 2009 WL 704138, at *4–5 (E.D. Tex. Mar.16, 2009) (finding that such pleadings "comprise[ ] more than mere labels, conclusions, or a formulaic recitation of the elements of a cause of action"); *see also Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) (finding, in a decision issued after *Twombly* but before *Iqbal*, that such pleadings "are brief but clear, and effectively apprise plaintiffs of the legal and factual grounds on which [the defendant] seeks to advance its claims"). Other courts have reached the opposite conclusion. *See, e.g.*, *Internet Media Corp. v. Hearst Newspapers, LLC*, No. 10-690-SLR, 2012 WL 3867165, at *2 (D. Del. Sept. 6, 2012) (granting motion to dismiss invalidity counterclaims because, under *Twombly* and *Iqbal*, "'a[ ] counterclaim must set forth sufficient facts to give rise to a plausible claim for relief.'" (alteration in original) (quoting *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011))); *Groupon Inc. v. MobGob LLC*, No. 10 C 7456, 2011 WL 2111986, at *5 (N.D. Ill. May 25, 2011) (granting motion to dismiss invalidity counterclaim in the absence of any factual support); *see also Iqbal*, 556 U.S. at 684 ("*Twombly* . . . was based on our interpretation and application of Rule 8. That Rule in turn governs the pleading standard 'in all civil actions

and proceedings in the United States district courts.'" (citing *Twombly*, 550 U.S. at 554; quoting Fed. R. Civ. P. 1)).

However, in a decision following *Twombly*, the Federal Circuit addressed whether a pleading consistent with Form 18, which is appended to the Federal Rules of Civil Procedure as a form for a patent infringement complaints, satisfies Rule 8(a):

> The Federal Circuit in *McZeal* [*v. Sprint Nextel Corp.*], applying Fifth Circuit law, held that under *Twombly*, a plaintiff asserting a direct patent infringement claim "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d [1354,] 1357 [Fed. Cir. 2007]. The Federal Circuit relied on what was then Form 16, now Form 18, which sets forth conclusory allegations of direct patent infringement as sufficient to meet the pleading requirements. See *id.* at 1356–57. Writing separately in *McZeal*, Judge Dyk explained that although the requirements of *Twombly* plainly apply outside the antitrust context and applied to McZeal, because Federal Rule of Civil Procedure 84 requires a court to accept as sufficient any pleading made in conformance to the Forms, a court must find a bare allegation of direct infringement in accordance with Form 16, now Form 18, sufficient under Rule 8(a)(2) to state a claim. *Id.* at 1360–62; *see Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sep. 14, 2009) (attempting to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal*).

*Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156, 1158 (C.D. Cal. 2010) (footnote omitted). Thus, some courts have held that "it would be incongruous to require heightened pleading [of invalidity counterclaims] when the pleading standard for infringement does not require facts such as 'why the accused products allegedly infringe' or 'to specifically list the accused products.'" *Id.* at 1159 (quoting *Teirstein*, 2009 WL 704138, at *5); *see* Fed. R. Civ. P. Form 30 ¶ 7 ("Set forth any counterclaim in the same way a claim is pleaded in a complaint." (emphasis omitted)).

11

The Court finds persuasive the reasoning of the district courts that have found it would be "incongruous to require heightened pleading" for invalidity counterclaims when the pleading standard for infringement does not require factual allegations to support the infringement claims.[5] In this case, Defendant pled the statutory basis for its invalidity counterclaim, specifically alleging the '516 patent is invalid for failure to comply with one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112. [Doc. 82 at 14 ¶ 13.] Although these allegations are brief, they are sufficient to put Plaintiff on notice that Defendant claims the '516 patent is invalid and that its invalidity claims are grounded on the patent's failure to satisfy the conditions and requirements for patentability set forth in §§ 101, 102, 103, and/or 112.

Further, even if the Court concluded the statutory pleadings alone were insufficient under Rule 8(a), this Court requires prompt disclosure of invalidity contentions, which militates against dismissal of insufficient invalidity counterclaims. *See, e.g.*, *Graphic Packaging*, 2011 WL 5829674, at *4 ("'By requiring the party claiming invalidity to flesh out and support its invalidity contentions early on, the Patent Local Rules fulfill the function of *Twombly* and *Iqbal*,' namely, mandating early notice of the factual predicate for the suit so that the court may weed out unmeritorious claims and relieve the defendant from the burden of unnecessary discovery." (quoting *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, No. C-10-4458 EMC, 2011 WL 1654466, at * 11 (N.D. Cal. Apr. 28, 2011)));

---

[5] The parties have failed to direct the Court to any case law from a court within the Fourth Circuit that would direct a different result in the specific situation before the Court—whether patent invalidity counterclaims that plead only the statutory basis for the claim are sufficient under *Twombly*, *Iqbal*, and Rule 8(a). [*But see* Doc. 84-1 at 3 (citing *Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 724 (W.D. Va. 2010), where the Western District of Virginia dismissed the defendant's breach of contract and unjust enrichment counterclaims for the defendant's failure to plead sufficient facts to support those claims).]

*Microsoft*, 741 F. Supp. 2d at 1159 ("[B]ecause the Court requires that invalidity contentions be served promptly after a counterclaim of invalidity is advanced, invalidity claims are not subject to the heightened pleading standards of *Twombly* and *Iqbal*."); *Pfizer*, 726 F. Supp. 2d at 938 ("[D]ismissal of [the defendant's] counterclaims for failure to satisfy Rule 8(a) would undermine the Local Patent Rules, which require more detailed disclosures at a later stage. . . . In analogous cases, other district courts have concluded that local patent rules requiring similar disclosures militate against dismissal of counterclaims for failure to meet the pleading requirements of Rule 8(a)."). *But see Tyco*, 777 F. Supp. 2d at 904 ("[S]ome courts have forgiven similarly sparse counterclaims based on the low bar to which the plaintiff's averments of patent infringement were subjected and their district's adoption of specialized local patent rules. . . . Even if the this district did adopt local patent rules, however, they could not modify a defendant's pleading standard for counterclaims under the national rules. Using local patent rules to alter a defendant's pleading obligations, while perhaps practical given the very unique nature of federal patent litigation, offends the trans-substantive character of federal procedure."). Here, the first Scheduling Order in this case provided for the disclosure of invalidity contentions after infringement contentions had been served. [Doc. 61 ¶ 5.] The parties agreed to pursue a path of limited discovery for a period of time on the sole issues of infringement and inducement [*see* Doc. 76], and the Court modified the Scheduling Order to allow this limited discovery period [Docs. 83, 101, 112]. If the case survives the presently pending motion for summary judgment, however, the original Scheduling Order will be modified and reinstated to address the remaining issues not addressed during this limited discovery period, including invalidity. Thus, if the case proceeds past the pending summary

judgment motion, the parties will be able to complete discovery on the issue of invalidity and will have ample opportunity to discern and develop the basis for this claim. Based on the above, the Court recommends Plaintiff's motion to dismiss Defendant's invalidity counterclaim be denied.

**Motion to Strike**

For reasons consistent with the above analysis, the Court declines to strike Defendant's affirmative defense of invalidity. As stated, Rule 8(b) requires a party to state a defense in short and plain terms, and Rule 8(c) requires a party that is asserting an affirmative defense to "affirmatively state" the defense. Fed. R. Civ. P. 8(b), (c). The purpose of pleading an affirmative defense is to provide the opposing party with fair notice. *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011). Notably, Rules 8(b) and 8(c) are "markedly less demanding" than Rule 8(a). *Id.* at 1258.

Defendant's affirmative defense meets the standard of Rule 8(c) by providing notice that invalidity is a possible issue for trial, and Plaintiff can determine the details of this defense through targeted discovery. *See Tyco*, 777 F. Supp. 2d at 903 (denying motion to strike a terse invalidity affirmative defense because "[it] provides Plaintiff with notice that Defendant anticipates defending this suit on grounds of invalidity, the details of which Plaintiff can flesh out through discovery"); *see also Pennell v. Vacation Reservation Ctr., LLC*, No. 4:11cv53, 2011 WL 6960814, at *3 n.2 (E.D. Va. Sept. 20, 2011) (noting split between districts within the Fourth Circuit regarding whether the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses). Accordingly, the Court recommends Plaintiff's motion to strike Defendant's invalidity affirmative defense be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion to dismiss Defendant's invalidity counterclaim and to strike its invalidity affirmative defense [Doc. 84] be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

November 6, 2012
Greenville, South Carolina